UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZAKIYA HOARD OKEKE,                                  Case No:

    **Plaintiff,**

v.

PROJECT CHOICE LLC.,
    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant, Project Choice LLC., pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

### Parties

1. Plaintiff, Zakiya Hoard Okeke is a resident of Lee County, Florida.

2. Defendant, Project Choice LLC, provides home care services to individuals in Lee County, Florida, including adults and children with intellectual, developmental, and physical disabilities.

3. Plaintiff was employed by Defendant as a Supportive Living Coach on or about March 27, 2023, and last held the position of Personal Support (Live-In) until her termination on October 7, 2025.

## Jurisdiction

4. Plaintiff resides in Lee County, Florida.

5. Defendant conducts business in Lee County, Florida.

6. Defendant employed Plaintiff in Lee County, Florida.

7. All events giving rise to this action occurred in Lee County, Florida.

## Facts

8. Defendant employed Plaintiff as a Supportive Living Coach; she later worked as a Personal Support providing in-home caregiving services to Defendant's clients, and subsequently became a Personal Support (Live-In).

9. The caregiving services Plaintiff provided included assisting Defendant's clients with daily living activities, such as cooking, cleaning, bathing, dressing, as well as a multitude of other personal and household chores.

10. Plaintiff is a non-exempt employee who was initially paid on an hourly basis at a pay rate of $17 while performing supportive living work.

11. On or about August 14, 2023, Plaintiff began working as a live-in personal support worker and was classified by Defendant as a salaried employee

with a pay rate equivalent to $27.50 per hour. However, Plaintiff was not compensated for hours worked in excess of forty (40) per week.

12. Plaintiff was employed by Defendant during the two years prior to the filing of this lawsuit.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. Defendant classified Plaintiff as a salaried employee but failed to pay Plaintiff overtime wages for all hours worked over 40 in a single workweek.

15. Defendant exercised significant control over Plaintiff's work during her employment with Defendant, including assigning Plaintiff duties and tasks to perform and determining Plaintiff's work hours.

16. During Plaintiff's employment with Defendant, Plaintiff worked exclusively for Defendant and did not work for another company.

17. During Plaintiff's employment with Defendant, Plaintiff did not own or operate her own home health aide company and did not provide such services outside of her employment with Defendant.

18. Defendant required Plaintiff to work more than 15 hours and 30 minutes per day while employed by Defendant and performing services for Defendant.

19. Defendant paid Plaintiff on an hourly basis from the beginning of her employment, and was later switched to a salaried position.

20. Plaintiff often worked more than 125 hours in a single workweek. However, Defendant did not pay Plaintiff one-and-one-half times her regular rate when she worked more than 40 hours in a single workweek.

21. Throughout the entirety of her employment, including both before and after she was classified as a salaried employee and live-in worker, Plaintiff regularly worked more than 125 hours per week at Defendant's specific request and behest.

22. Prior to being classified as a salaried employee and live-in worker in or about August 2023, Plaintiff worked as an hourly employee and routinely worked approximately 16 hours per day, 7 days per week, during June and July 2023, at Defendant's client's residence, including the home of Reginald Valentine, without receiving overtime compensation.

23. Defendant did not pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek.

24. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Lee County, Florida.

25. During the majority of her employment, Plaintiff worked at least 125 hours per week.

26. Plaintiff was not paid overtime wages for any of the hours Plaintiff worked beyond 40 in a single workweek worked while employed by Defendant.

27. Plaintiff was not subject to any overtime exemptions or exceptions as she performed manual labor and was compensated on an hourly basis.

28. Defendant engaged in an illegal policy of requiring Plaintiff to work 125 or more hours in many workweeks of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

29. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

30. Defendant engaged in an illegal scheme known as "misclassification" where Defendant willfully and intentionally misclassified Plaintiff as salaried in order to avoid paying Plaintiff overtime wages.

31. Defendant failed, refused, and neglected to maintain an accurate record of the hours worked by Plaintiff despite the mandate contained in 29 C.F.R. § 516.

32. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

33. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

34. During her employment, Plaintiff was required to pay more than $500 per month in "rent" as a condition of continued employment.

35. Plaintiff already maintained her own separate residence, where she has been paying rent for over fifteen years.

36. Such rent payments were primarily for the benefit and convenience of the Defendant and therefore constitute unlawful deductions under the Fair Labor Standards Act.

37. Plaintiff seeks reimbursement of all amounts unlawfully deducted or withheld from her wages for this purpose.

38. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

39. Defendant is a for-profit corporation that operates and conducts business in, among others, Lee County Florida, and is therefore, within the jurisdiction of the Court.

40. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities in the home health care services industry.

41. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of unpaid overtime wages, liquidated damages, reasonable attorney's fees, and costs.

42. The Court has jurisdiction over Plaintiff's claims as material events transpired in Lee County, Florida including those brought pursuant to the FLSA.

43. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant organization, suggests that the Defendant is a multi-million-dollar operation that has considerable expertise in the home health care service industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

44. At all material times relevant to this action, Plaintiff in her capacity as a home health aide was individually covered by the FLSA.

45. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning.

46. Plaintiff did not implement legal compliance measures.

47. Plaintiff did not manage two or more full-time employees during her employment with Defendant. Plaintiff did not have the authority to determine employees' pay, work hours, or job assignments. Plaintiff did not have the ability to interview, hire, or fire employees.

48. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

49. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, daily timesheets, and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

50. However, Plaintiff alleges that she routinely worked in excess of 100 hours per week, including time for which Defendant made no provisions to properly record.

51. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – UNPAID OVERTIME WAGES UNDER FLSA

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51, above.

53. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

54. Plaintiff was a non-exempt employee, initially paid on an hourly basis, and was later switched to a salaried position.

55. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

56. Plaintiff regularly worked beyond 40 hours in a single workweek.

57. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

58. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

## COUNT II – UNLAWFUL WAGE DEDUCTIONS (ILLEGAL RENT CHARGES) UNDER FLSA

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–51, above.

61. During her employment, Plaintiff was required to pay more than $500 per month in "rent" as a condition of continued employment.

62. Plaintiff already maintained her own separate residence, where she has been paying rent for over fifteen years.

63. The so-called "rent" payments were not for the benefit or convenience of the Plaintiff, but rather for the benefit and convenience of the Defendant.

64. Such deductions and payments constitute unlawful deductions under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and its implementing regulations, 29 C.F.R. §§ 531.

65. As a direct and proximate result of Defendant's unlawful practices, Plaintiff has suffered financial losses in the form of wages wrongfully deducted and withheld.

66. Plaintiff is therefore entitled to recover all wages unlawfully deducted, together with liquidated damages, attorney's fees, and costs pursuant to the FLSA.

67. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

RESPECTFULLY submitted on January 8, 2026.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
1971 West Lumsden Road
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
